ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 AUG 21 AM 11: 34
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| STEVE A. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-040 |
| | ) | |
| KENDRA LYNN, Special Agent, | ) | |
| Georgia Bureau of Investigation, Eastman, | ) | |
| Georgia, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Eastman, Georgia. (See doc. no. 1.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

The complaint names as the sole Defendant Kendra Lynn, Special Agent with the Georgia Bureau of Investigation ("GBI") in Eastman, Georgia.[1] (See doc. no. 1, pp. 1, 4.)

---

[1] Plaintiff submitted two completed complaint forms: that used by prisoner litigants proceeding in the Southern District of Georgia, (doc. no. 1), and that used by prisoner litigants in the Superior Courts of the State of Georgia, (doc. no. 1-2). The Court draws from both of these when setting forth Plaintiff's allegations for purposes of the present screening.

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On an unspecified date, a man named Danny Ray Smith, who was "severely mentally retarded," was tasered twice by a correctional officer, while three other correctional officers looked on, and Mr. Smith died shortly thereafter. (Id. at 5; doc. no. 1-2, p. 6.) According to Plaintiff, Mr. Smith was "murdered" and there is "nothing being done to prosecute a murderor (sic) and 3 accomplices."[2] (Doc. no. 1, p. 4.) With respect to Defendant, Plaintiff left a sworn statement for her to pick up, but she never interviewed him, even though he was the "only eye witness." (Doc. no. 1-2, p. 6.) Plaintiff requests that "the GBI [ ] do their job investigating" the alleged murder and "prosecute the murderor (sic) and his accessory accomplics (sic)," (id. at 7), and he also requests that the Court interview him, that the correctional officers be made to "give accounts" of the incident, and that he be permitted to see an autopsy report, (doc. no. 1, p. 6).

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[2] Plaintiff included a "Final Investigative Summary" from the GBI, completed by Defendant on June 29, 2011, as an attachment to his complaint. (See doc. no. 1-1, p. 3.) According to the summary, Defendant reviewed the case with an investigator from the District Attorney's Office, which itself reviewed the case and "determined no evidence of foul play was present." (Id.)

2

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per*

3

*curiam*). However, this liberal construction does not mean that the court has a duty to rewrite the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Failure to State a § 1983 Claim

Plaintiff's complaint concerns his dissatisfaction with the GBI's alleged failure to investigate and prosecute what he alleges was a "murder." It well-settled, however, that "a private citizen has no judicially cognizable interest in the prosecution or nonprosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).

In the Eleventh Circuit, this rule extends "not only to prosecutors, but [to] those acting in a 'prosecutorial capacity.'" Garcia v. Miami Beach Police Dep't, 336 F. App'x 858, 859 (11th Cir. 2009) (*per curiam*) (quoting Smith v. Shook, 237 F.3d 1322, 1324 (11th Cir. 2001) (*per curiam*)). Accordingly, where a law enforcement agency investigates a claim and chooses not to bring charges or investigate further, a plaintiff lacks standing to assert a claim against that agency or its officers for failure to prosecute, even when the plaintiff is purportedly the victim of the crime. See id.; see also Lessor v. Dean, 5:09-CV-463-OC-29GRJ, 2010 WL 668268, at *2 (M.D. Fla. Feb. 19, 2010) (prisoner plaintiff lacked standing and thus failed to state a claim against defendant sheriff and other officers working in jail

based on their failure to "properly investigate the alleged criminal charges and ensure that criminal charges were brought" against another inmate who spat on him).

Here, Plaintiff asserts that the GBI failed to investigate or prosecute alleged criminal activity, but he lacks standing to assert such a claim against GBI or its officers, including Defendant. See Otero, 832 F.2d at 141; Garcia, 336 F. App'x at 859. This is true not only because a plaintiff generally has no standing to sue on a claim for failure to prosecute, but also because Plaintiff here was not a victim of the alleged crime and thus has suffered no cognizable injury. Therefore, Plaintiff fails to state a § 1983 claim upon which relief may be granted, and his complaint should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of August, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE