IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

STEVE A. MORRIS,                          *
                                          *
          Plaintiff,                      *
                                          *
     v.                                   *     CV 313-040
                                          *
KENDRA LYNN, Special Agent,               *
Georgia Bureau of Investigation,          *
Eastman, Georgia,                         *
                                          *
          Defendant.                      *

---

**O R D E R**

---

The captioned matter was closed on September 17, 2013,
upon a finding that Plaintiff's complaint failed to state a
claim upon which relief may be granted.  The time for appeal
ended on October 17, 2013.   Rather than appeal, Plaintiff
barraged the Court with redundant and frivolous motions.  This
conduct resulted in the Order of January 16, 2014, which
instructed the Clerk of Court to return the originals of all
future filings in this case to Plaintiff.   The Clerk has
returned several filings to Plaintiff based upon the Order of
January 16, 2014.

On July 20, 2015, Plaintiff sent a letter directly to the
presiding judge.  In the letter, Plaintiff complains that this
Court did not properly advise him of his appellate rights
following entry of the judgment.  Attached to the letter is

Plaintiff's recent correspondence with the Eleventh Circuit Court of Appeals, which indicates that he attempted to file a notice of appeal with that court in May 2015. (See Doc. No. 29.) The Eleventh Circuit referred Plaintiff back to this Court. (Id. at 3.)

On August 3, 2015, the Court directed the Clerk to docket the letter and attachments; the Court construes this filing as a motion to file an out-of-time appeal. As noted, Plaintiff's time for appeal from the judgment ran on October 17, 2013. Appellate Rule 4(a)(6) allows the time for appeal to be reopened but only upon the satisfaction of three elements, one of which requires that the motion to reopen the time for appeal be filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, **whichever is earlier**." Here, Plaintiff admits that he received notice of the judgment entered on September 17, 2013;[1] thus, by rule, he had to file his motion to reopen the appeal time within fourteen days of receiving the notice of the judgment. Even if Plaintiff had

---

[1] In his "Motion to/for Appeal" addressed to the Eleventh Circuit and attached to the recent filing, Plaintiff states: "I did NOT receive the 1st of two (2) DISMISSALS by the U.S. Magistrate Court Judges via U.S. mail. I only received a very brief (w/ no explanation) just DENIED as failure to state a claim by the Hon. Dudley H. Bowen, Jr. . . . ." (Doc. No. 29, at 4.) In reviewing the docket, it appears Plaintiff contends that he did not receive the Magistrate Judge's Report and Recommendation (doc. no. 10), but he unequivocally admits that he received the final dismissal order (doc. no. 12) signed by the presiding judge, i.e. the Order of September 17, 2013, dismissing the case.

not received notice of the judgment, he had to file a motion to reopen the time for appeal by March 16, 2014, which is 180 days after judgment was entered. Plaintiff failed to do so.

Upon the foregoing, Plaintiff's motion to re-open the time for appeal (doc. no. 29) must be **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____5th____ day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE